AIMCOR, ALABAMA SILICON, INC., AMERICAN ALLOYS, INC., GLOBE METALLURGICAL, INC., AND AMERICAN SILICON TECHNOLOGIES, PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND COMPANHIA FERROLIGAS MINAS GERAIS-MINASLIGAS, DEFENDANT-INTERVENOR

Consolidated Court No. 94–03–00182

(Dated May 21, 1996)

*Baker & Botts, L.L.P. (William D. Kramer* and *Martin J. Schaefermeier)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(John K. Lapiana), Dean A. Pinkert* and *Alexandra Levinson,* Attorney Advisors, United States Department of Commerce, of counsel, for defendant.
*Dorsey & Whitney, P.L.L.P. (Munford Page Hall, II* and *Philippe Bruno)* for defendant-intervenor.

OPINION

RESTANI, *Judge:* This matter is before the court following an anti-dumping duty remand determination, which was ordered herein in *AIMCOR v. United States,* Slip Op. 95–130 (Ct. Int'l Trade July 20, 1995), with which familiarity is presumed.

I. *Defendant-Intervenor's Objections to Remand Results:*

A. *Value-Added Taxes:*

Defendant-intervenor, Companhia Ferroligas Minas Gerais-Minasligas ("Minasligas"), a Brazilian producer of ferrosilicon, challenges Commerce's failure to exclude value-added taxes ("VAT") from the cost of materials in calculating constructed value. Exclusion of VAT was previously challenged by plaintiffs AIMCOR, Alabama Silicon, Inc., American Alloys, Inc., Globe Metallurgical, Inc., and American Silicon Technologies (collectively "AIMCOR"). On remand Commerce recognized what was apparent to the court during its original review of Commerce's final determination, that is, in the Brazilian VAT rebate system,

VAT is not remitted or refunded *upon* exportation. *Final Remand Results* at 7–8; *see* 19 U.S.C. § 1677b(e)(1)(A) (1988). Thus, Minasligas' basic claim for a VAT deduction fails.

The court has held, however, that cost of materials may be viewed as VAT exclusive if VAT is refunded prior to exportation. *AIMCOR,* Slip Op. 95–130, at 21–22. The burden was on Minasligas to prove that its pre-exportation cost of materials did not include VAT, and it failed to do so.[1] *Final Remand Results* at 8. Therefore, Commerce's VAT treatment is sustained.

### B. *Financial Expense:*

During the court's review of the original final determination, AIM-COR successfully argued that Commerce had inadequate information for the adjustment made to Minasligas' interest expense. *See AIMCOR,* Slip Op. 95–130, at 19. Commerce was also directed to reconsider its methodology. *Id.* at 19–20 n.18. Minasligas now challenges the new methodology employed on remand as overstating expenses. AIMCOR, while accepting the methodology in its original objection, states in response to Minasligas' objection that the methodology understates expenses.[2]

Whether or not Commerce's original methodology would have been acceptable in another case, Commerce did not have sufficient information to apply that methodology here. On remand it collected new data and also applied a new methodology. It calculated an interest expense ratio by dividing the sum of the combined monthly net interest expenses of Minasligas and its parent, with the monetary correction subtracted out, adjusted to year-end currency terms, by the sum of the combined historical cost of sales for both companies, and adjusted to year-end currency terms. That ratio was applied to replacement cost of materials for each month of the period of investigation. *See Final Remand Results* at 6–7; 12–13. While this method may not be perfect, it does not appear to overstate expenses. To obtain the ratio, monetary correction was subtracted from the numerator and not the denominator. If this is an error, it results in an understatement, not an overstatement. Any understatement would be magnified if the ratio were applied to historical costs as requested by Minasligas. Historical costs do not reflect full costs in a hyperinflationary economy. For example, use of inventoried goods in a hyperinflationary economy may distort actual costs.

Accordingly, Minasligas' challenge is rejected and Commerce's calculation is sustained.

### II. *AIMCOR's Objection to Minasligas' U.S. Imputed Credit Expense:*

On remand, Commerce was to recalculate U.S. imputed credit expenses using a U.S. dollar-denominated interest rate. It did so by ref-

---

[1] The court cannot discern whether the proof in *Camargo Correa Metais, S.A. v. United States,* 17 CIT 897, 909 (1993), was appreciably different from that presented here. It does appear that in *Camargo* there was an assumption that the tax was credited to at least one of the exporters "before export." *Id.* This is not the case here.

[2] Any request for remand by AIMCOR on this point is untimely. Such request should have been set forth in AIM-COR's original objection.

erence to Minasligas' only U.S. dollar loan, an aircraft lease. *Final Remand Results* at 5. Commerce rejected pre-shipment advances received by Minasligas in anticipation of U.S. customers' payments of sale that were actually paid in cruzeiros. *Id.* This decision appears rational and well within Commerce's discretion.[3] Furthermore, it is too late to raise the issue of whether the rate used was annual or monthly, and was appropriately treated as such. AIMCOR received draft remand results and was obligated to raise all objections in a timely manner, that is, after receipt of the draft and before issuance of the final remand results. It did not do so.

## CONCLUSION

Commerce's remand results are sustained in their entirety.

---

[3] The court also rejects AIMCOR's view that the interest rate was not short-term.

